IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2194-FL

| | |
|---|---|
| DARRYL LEONARDO TUCKER, JR., | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| FRANK L. PERRY, | ) |
| Respondent. | ) |

The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. The issues raised are ripe for adjudication.

**BACKGROUND**

On September 17, 2001, in the Cumberland County Superior Court, petitioner pleaded guilty to second-degree murder (two counts), first-degree kidnaping (two counts), and armed robbery (two counts). (Pet. p. 1.) On the same date, petitioner was sentenced to the following consecutive terms of imprisonment: 170-213 months; 170-213 months; and 80-105 months. (Id.) Petitioner did not file an appeal. (Id.)

On April 7, 2015, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Cumberland County Superior Court, which was denied on May 4, 2015. (Id. p. 2.) On July 27, 2015, petitioner filed a petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on July 31, 2015. (Id.)

Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 21, 2015.[1] Petitioner alleges the following claims: (1) his sentence was grossly disproportionate to his crimes in violation of the Eighth and Fourteenth Amendments to the United States Constitution; (2) his guilty plea was obtained in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (3) he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution; and (4) his sentence violates the Equal Protection Clause of the Fourteenth Amendment because in "2009 and 2011, the NC Structured Sentencing Guidelines [were] modified and he is entitled to the retroactivity of the law." (Id. pp. 3-6.)

## DISCUSSION

Under Rule 4, the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. § 2254. The court may *sua sponte* dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). As explained below, the court dismisses petitioner's petition as untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

---

[1] Petitioner's § 2254 petition was filed on August 26, 2015, but it is dated August 21, 2015. Providing petitioner the benefit of the mailbox rule, the court will construe the date petitioner filed his § 2254 petition as August 21, 2015. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Section 2244(d)(1)'s one-year period of limitation may be applied on a claim by claim basis. See Pace v. Digugliemo, 544 U.S. 408, 416 n.6 (2005). The statutory period began to run for petitioner's first three claims on the date petitioner's judgment became final. Judgment in this case was entered on September 17, 2001. Petitioner thereafter had 10 days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a) (amended effective October 31, 2001, to allow 14 days). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on September 27, 2001. As a result, petitioner's one-year statutory period began to run on September 27, 2001, and ran for three hundred 365 days until it expired on October 27, 2002.

The court now turns to petitioner's fourth claim relating to the retroactive application of amendments to the Structured Sentencing Act ("SSA") and the Justice Reinvestment Act. Section 2244(d)(1)(D) provides the appropriate statute of limitation accrual date for this claim. The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003)). In evaluating a petitioner's diligence, a court must consider that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

3

In this case, the record reflects that the SSA amendments became effective on December 1, 2009, and the Justice Reinvestment Act became effective on December 1, 2011. See N.C. Gen. Stat. § 15A-1340.17 (2009), (2011). Accordingly, the statute of limitations period began to run on December 1, 2009, for petitioner's claims pursuant to the SSA, and began to run on December 1, 2011, for petitioner's claims pursuant to the Justice Reinvestment Act. The applicable statutory periods then ran for 365 days until the statutory period for petitioner's claim pursuant to the SSA expired on December 1, 2010, and his claim pursuant to the Justice Reinvestment Act expired on December 1, 2012. The instant August 21, 2015, petition was filed well after the expiration of both statutory periods.

Petitioner's April 7, 2015, and subsequent filings, do not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution

4

of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner asserts that he is entitled to equitable tolling because his counsel "failed to appeal the court's sentence and conviction in a timely manner." (Pet. ¶ 18.) Generally, ineffective assistance of counsel does not warrant equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir.2000)); but cf. Holland v. Florida, 560 U.S. 631 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner). However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (citing Holland, 560 U.S. at 648-653). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

5

In this case, petitioner does not provide any facts to explain how his counsel's failure to file a notice of appeal prevented him from complying with the one year statute of limitation for his § 2254 petition. See United States v. Bear, No. 1:06CR00018, 2:05CR00029, 2010 WL 2773309, *2–3 (W.D. Va. 2010) ("Bear does not present any facts regarding how counsel's failure to file a notice of appeal prevented Bear from filing a timely § 2255 motion. He does not allege that counsel promised to file a notice of appeal or even that he believed counsel was going to file a notice of appeal. He merely alleges that he asked for an appeal, and counsel did not file one. This allegation is not a sufficient basis from which to infer that Bear reasonably believed for any period of time after sentencing that counsel had filed a notice of appeal."), appeal dismissed, 397 F. App'x 877 (4th Cir. 2010). Nor does petitioner explain his nearly 13 year delay in filing a MAR. Further, petitioner's unfamiliarity with the law is not a basis for equitable tolling. See Snyder v. Warden, No. ELH-11-1392, 2011 WL 3665029, at *2 (D. Md. Aug. 18, 2011). Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground.

In addition to his equitable tolling claims, petitioner alleges that he is actually innocent of the offenses at issue. Recently, the Supreme Court recognized in McQuiggin v. Perkins, ––– U.S. ––––, ––––, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, ––– U.S. at ––––, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, petitioner makes vague and conclusory allegations that he has "claimed his innocence from day one" and that "he was wrongfully convicted for a crime that he did not commit." (Pet. ¶ 18.) Petitioner, however, has not set forth any factual allegations to suggest a plausible claim of actual innocence. Petitioner's conclusory allegations are insufficient to excuse his procedural default. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013), appeal dismissed, 591 F. App'x 217 (4th Cir. 2015). Thus, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

The court now determines whether petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate

7

reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

8

Case 5:15-hc-02194-FL   Document 7   Filed 03/09/16   Page 8 of 9

## CONCLUSION

In summary, petitioner's § 2254 petition is DISMISSED as time-barred. The certificate of appealability is DENIED.

SO ORDERED, this the 9th day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge